IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| HOOD CUSTOM HOMES, LLC, | ) | Civil No. 08-1506 -JE |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | |
| | ) | |
| ILLINOIS NATIONAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Michael E. Farnell
    Emily S. Miller
    Parsons Farnell & Grein, LLP
    1030 SW Morrison Street
    Portland, OR 97205
        Attorneys for Plaintiff

    Donald J. Verfurth
    Neal J. Philip
    Gordon & Rees, LLP
    701 Fifth Avenue, Suite 2130
    Seattle, WA 98104
        Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Hood Custom Homes, LLC (Hood) brought this breach of contract action against defendant Illinois National Insurance Company (Illinois National) in the Multnomah County Circuit Court. Defendant Illinois National removed the action to this court.

Plaintiff Hood now moves for remand to state court on the grounds that defendant's removal was procedurally deficient. Defendant Illinois National moves for leave to file an amended notice of removal to correct the procedural defect. Plaintiff Hood's motion to remand is denied, and defendant Illinois National's motion to file an amended notice of removal is granted.

## BACKGROUND

In this insurance coverage dispute, plaintiff Hood asserts that defendant Illinois National breached its obligation to defend and indemnify it in a separate action, Morasch v. Lesick, Case No. 0802-03311, which was filed in Multnomah County Circuit Court.

On November 21, 2008, plaintiff Hood filed a complaint against defendant Illinois National in the Multnomah County Circuit Court. It did not serve that complaint, but instead filed a first amended complaint against defendant Illinois National on November 24, 2008.

Plaintiff Hood served a copy of its amended complaint on defendant Illinois National's registered agent on November 25, 2008. That complaint included two exhibits: a copy of the insurance policy upon which defendant Illinois National's obligation to defend was based, and a copy of the complaint in the action that plaintiff Hood alleges Illinois National is obligated to defend. According to the declaration of Neal Philip, defendant Illinois National's counsel in the present action, defendant's claims handling unit that was assigned to this action did not originally receive the exhibits, and in turn did not provide copies of the exhibits to Philip.

2 - OPINION AND ORDER

Philip further states that, as he was preparing to file papers removing this action from the Multnomah County Circuit Court during the week of December 22, 2008, he attempted to obtain the complete court file from the Circuit Court, but was unable to do so because the courthouse was closed due to inclement conditions.  Philip adds that defendant Illinois National's Notice of Removal was mailed on December 24, 2008, and was "timely filed on December 29, 2008 when the court re-opened after the snow and holiday closure."

When counsel for defendant Illinois National filed the Notice of Removal, he attached the Notice of Service of Process, the Summons, and a copy of the First Amended Complaint.  He did not attach copies of the two exhibits that were filed with the complaint in the Multnomah County Circuit Court, because he had not obtained those from his client, and had been unable to access the original file in state court before filing the Notice of Removal.

Philip states that he "was subsequently informed by opposing counsel that the Amended Complaint that was filed and served on [defendant's registered agent] had the two exhibits attached to it and that Hood would be moving to remand the case back to state court."

On January 7, 2009, defendant Illinois National filed an answer to plaintiff Hood's complaint.

On January 27, 2009, plaintiff Hood moved for an order remanding this action to the Multnomah County Circuit Court on the grounds that removal was procedurally deficient because, when it filed its original Notice of Removal in this court, defendant Illinois National failed to file the exhibits that plaintiff had attached to its first amended complaint.

On February 9, 2009, defendant Illinois National filed its opposition to plaintiff Hood's motion to remand.  Along with its opposition, defendant Illinois National provided, as

3 - OPINION AND ORDER

an exhibit to Philip's declaration, an Amended Notice of Removal that included the two exhibits that had been omitted from the original Notice of Removal. Though defendant Illinois National has not filed a separate motion for leave to file an Amended Notice of Removal, in the memorandum submitted in support of its opposition to plaintiff's motion to remand it requests leave to file that Notice.

## DISCUSSION

A. Relevant removal and remand statutes

The relevant removal and remand statutes provide as follows:

28 U.S.C. § 1446.  Procedure for removal

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1447.  Procedure after removal generally

(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

(b) It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court.

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the

notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . .

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). This presumption against removal "means that 'the defendant always has the burden of establishing that removal is proper.' " Id. (quoting Gaus, 980 F. 2d at 566).


B. Analysis of motion to remand

Three facts here are beyond dispute.  1) There is no question that this court has subject matter jurisdiction over the parties' dispute pursuant to 28 U.S.C. § 1332: The citizenship of the parties is diverse, and the amount in controversy exceeds the $75,000 required for diversity jurisdiction.  2) There is no question that, in failing to provide copies of the exhibits to plaintiff's first amended complaint along with its Notice of Removal, defendant Illinois National failed to fully comply with the requirement, set out in 28 U.S.C. § 1446(a), that a removing party file with the district court "a copy of all process, pleadings, and orders served upon such defendant . . . ."  3) There is no question that defendant Illinois National's failure to include copies of those exhibits when it filed its notice of removal in no way prejudiced plaintiff or impeded efficient adjudication of plaintiff's claims.  Plaintiff of course had copies of the exhibits, because it had attached them as exhibits to its first amended complaint, and defendant Illinois National provided the court copies of the exhibits along with its opposition to the motion to remand, well before the court had any reason to examine the substance of the exhibits at this early stage in the litigation.  It was not necessary to examine the exhibits to determine whether the court had jurisdiction, because the

complaint was fully consistent with defendant's assertion in the notice of removal that the parties are diverse, and the complaint clearly specified an amount in controversy that satisfied the jurisdictional requirement of § 1332.  The question here is therefore whether an action over which this court has subject matter jurisdiction should be remanded to state court because of a very minor procedural defect in removal, which has subsequently been cured, and which prejudiced neither the parties nor the court.

Whether remand is required under these circumstances has vexed a number of courts, and the parties correctly note that there is a split of judicial opinion as to whether motions to remand must be granted when a defendant has made the sort of minor procedural error in removal like that giving rise to the pending motion, and the error has not been remedied within the 30-day removal period.  Because § 1447(c) was amended in 1988, those decisions addressing motions to remand based upon procedural defects after that date are most significant.

Before it was amended, § 1447(c) required courts to remand an action if, at any time before the entry of final judgment, it appeared "that the case was removed improvidently and without jurisdiction . . . ."  Procedural errors were not specifically addressed.  Following its amendment, § 1447(c) now provides that, while an action must be remanded at any time before entry of final judgment if the court lacks subject matter jurisdiction, motions to remand based upon any other defect, such as the procedural defect in removal at issue here, must be made within 30 days of the filing of the notice of removal.

Following the amendment of § 1447(c), some courts have held that a court must grant a motion to remand that is based upon a procedural defect if the error is not cured within the 30-day period during which removal is allowed.  Kisor v. Collins, 338 F. Supp. 2d 1279 (N.D. Ala. 2004), is the decision relied upon most heavily by those courts concluding that

motions to remand based upon a procedural defect must be granted if the defect is not cured within the 30-day removal period.  In <u>Kisor</u>, the plaintiff moved to remand based upon the defendants' failure to supply copies of a summons and two returns of service along with their notice of removal.  The court characterized the failure to supply those documents as a "jurisdictional defect" and a "potential jurisdictional fatality," and concluded that, if such defects are not cured within the 30-day removal period, a court is required to grant a plaintiff's timely motion to remand that is based upon the procedural defect.  <u>Id.</u> at 1281.

In <u>Employers-Shopmens Local 516 Pension Trust v. Travelers Casualty and Surety Company of America</u>, 2005 WL 1653629 (D. Or. July 6, 2005), a decision from this district, the plaintiffs moved to remand an action based upon the defendants' failure to include in the notice of removal certain exhibits filed with the complaint in state court, and upon jurisdictional grounds.  Citing <u>Kisor</u>, Judge King stated that any procedural defect in removal "must be cured within the 30-day removal period or it is fatal to the removal."  <u>Id.</u> at *4.  However, his observation that he "would be inclined to remand the action on the basis of the procedural defect alone," <u>id.</u>, was dictum both because an inclination is not a holding, and because the action was dismissed for lack of jurisdiction.  <u>See</u>, <u>e.g.</u>, <u>Maryland National Bank v. Vessel Madam Chapel</u>, 46 F.3d 895, 902 (9th Cir. 1995) (where action was dismissed for lack of jurisdiction, court's statements concerning non-jurisdictional issues were dicta).

Many courts have rejected the reasoning of <u>Kisor</u>, and have held that courts have discretion to deny motions to remand that are based on minor, technical procedural defects in removal which are cured beyond the 30-day removal period.  The question whether courts have such discretion is most thoroughly addressed in <u>Yellow Transportation, Inc. v. Apex Digital, Inc.</u>, 406 F. Supp. 2d 1213 (D. Kan. 2005), the decision most frequently relied upon by courts holding that minor procedural defects may be cured after the 30-day removal

7 - OPINION AND ORDER

period has ended.  There, the plaintiff moved to remand an action based upon the defendant's failure to attach a copy of the state court summons to the notice of removal.  The Yellow Transportation court discussed the 1988 amendment to § 1447(c), summarized the legislative history of the amendment, and analyzed the split in judicial opinion as to whether federal district courts must grant motions to remand based upon minor, technical procedural defects that are not cured within the 30-day removal period.  The court cited a number of post-amendment decisions holding that minor procedural defects in removal do not require the granting of a plaintiff's motion to remand.  Id. at 1217 (citing Flores v. Baldwin, 2002 WL 1118504 at *4 (N.D. Tex., May 28, 2002) (remand not required for failure to file certain state court materials because plaintiff not prejudiced and record could easily be supplemented to cure defect); Brown v. Nationsbank of Georgia, 1997 WL 587486 at *2 (N.D. Tex., Sept. 11, 1997) (allowing procedural defect in removal to be cured); Boyce v. St. Paul Fire & Marine Ins. Co., 1993 WL 21210 at *3 (E.D. Pa., Jan. 28, 1993) (procedural defect remedied when court received copy of state court records)).

The Yellow Transportation court also discussed decisions like Kisor that have concluded that a motion to remand based upon a minor technical error in removal requires remand if the defect is not cured within the 30-day removal period.  The court noted that, as amended, § 1447(c) distinguishes between cases whose removal is improper because the court lacks subject matter jurisdiction, and those in which the court has jurisdiction, but a procedural error in removal has been made.  Id.  The court noted that, under the amended statute, procedural errors are waived if not objected to within 30 days of removal, and concluded that courts have discretion to deny timely motions to remand that are based upon procedural error.  Id.  In reaching this conclusion, the court emphasized that the Kisor court had failed to distinguish "between the statutory directives for the two different types of

grounds for remand." Id. at 1218. The court found it significant that "the second sentence of § 1447(c) states that the district court 'shall' remand the case for lack of subject matter jurisdiction," and that court had no discretion under those circumstances. Id. The court emphasized that "[n]otably absent from the first sentence of the statute, however, is any indication of the extent to which the court must or should remand the case based on non-jurisdictional defects." It logically concluded that there is "nothing in the statute that requires remand" because of minor procedural defects. Id. at 1218-19.

In concluding that courts have discretion to deny motions for remand based upon the failure to attach all state court documents to a notice of removal, the Yellow Transportation court noted that submission of these materials is simply intended to provide the court and the litigants the information needed to determine the issues to be tried. Id. at 1217. The court reasonably concluded that this requirement "does not go to the heart of the attempt to invoke federal court jurisdiction," and noted that § 1446(b) even provides an alternative mechanism for the court to obtain a complete copy of the state court record. Id. at 1217-18.

Having concluded that district courts have discretion to deny motions to remand that are based upon minor procedural defects, the Yellow Transportation court characterized the defendant's failure to attach a copy of the summons to the notice of removal as "inadvertent and trivial." Id. at 1219. Noting that this minor procedural error had caused the plaintiff "absolutely no prejudice whatsoever," the court denied the plaintiff's motion to remand.

In Kosen v. Ruffing, 2009 WL 56040 (S.D. Cal., Jan. 7, 2009), a district court in San Diego, California, recently considered whether an action should be remanded because the defendants failed to include with their notice of removal copies of all the materials that had been filed in the state court. The Kosen court noted the split of authority discussed above. Based on its thorough review of these decisions, the Kosen court concluded that

9 - OPINION AND ORDER

"Yellow Transportation and the cases cited within it reflect the majority view on this subject," and adopted "the view" of that decision. Id. at 10.

The reasoning in Yellow Transportation, Kosen, and similar cases is compelling. The reasoning of Kisor and similar cases is not.[1]  The Kisor court's conclusion relies on the characterization of a minor procedural defect as a "jurisdictional defect"– a characterization that is simply not supported by the plain terms of § 1447(c).  Nothing in the removal and remand statutes explicitly or implicitly requires the court to grant a motion to remand under the circumstances of the present action, and I am satisfied that, where appropriate, the court has discretion to deny motions to remand that are based upon minor procedural defects which are not cured within the removal period.  Here, as in Yellow Transportation,  defendant's procedural error was "trivial" and in no way prejudiced plaintiff or interfered with the court's ability to effectively adjudicate the parties' dispute.  Accordingly, the motion to remand is denied.

**CONCLUSION**

---

[1]When he indicated his agreement with Kisor, Judge King noted that the defendants had cited no authority, other than that which he had discounted, supporting the conclusion that courts could deny motions to remand based on minor procedural defects in removal that were not cured within the 30-day removal period.  Employers-Shopmens Local 516 Pension Trust, 2005 WL 1653629 at *4.  Yellow Transportation and Kosen were both decided after Judge King had dismissed Employers-Shopmens for lack of jurisdiction.

Defendant's motion for leave to file an amended notice of removal, set out in the body of defendant's memorandum in opposition to the motion to remand (# 8), is GRANTED. Plaintiff's motion to remand (# 4) is DENIED.

DATED this 14th day of April, 2009.


/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge

11 - OPINION AND ORDER